IN THE COURT OF CRIMINAL APPEALS


OF TEXAS



 


 NO. 74,819 




EX PARTE EDWARD ACUNA MESQUITI, JR., Applicant






 


ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


 FROM BEXAR COUNTY 


 Per Curiam.

O P I N I O N


 This is a post-conviction application for a writ of habeas corpus filed pursuant to Article
11.07, V.A.C.C.P. Applicant was convicted of robbery and punishment was assessed at fifty
years imprisonment after Applicant was found to be a habitual offender. Appeal was
dismissed because notice was untimely. Mesquiti v. State, No. 04-02-672-CR (Tex.App. - San
Antonio, delivered November 13, 2002, no pet.). 

 Applicant contends that he was denied his right to a meaningful appeal when his
counsel failed to advise him of his appellate rights. Applicant's pro se notice of appeal was
untimely filed, and counsel's affidavit admits that he never withdrew or advised Applicant of
his appellate rights. The trial court entered findings of fact and conclusions of law in which
it concluded counsel rendered ineffective assistance on appeal, and recommended that an out-of-time appeal be granted.

 Relief is granted. Applicant is entitled to an out-of-time appeal in cause number 2001-CR-5798 in the 290th Judicial District Court of Bexar County. This cause is returned to that
point in time at which Applicant may give written notice of appeal so that he may then, with
the aid of counsel, obtain a meaningful appeal. For purposes of the Texas Rules of Appellate
Procedure, all time limits shall be calculated as if the sentence had been imposed on the date
that the mandate of this Court issues. We hold that should Applicant desire to prosecute an
appeal, he must take affirmative steps to see that written notice of appeal is given within thirty
days after the mandate of this Court has issued.

DELIVERED: November 5, 2003

DO NOT PUBLISH